UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI

SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D
APR 0 4 2005
J. T. NOBLIN, CLERK
BY_____ DEPUTY

FLAVOR-PIC TOMATO CO., INC.,  )
an Alabama corporation,        )
                               )
            Plaintiff,         )
                               ) Case No.: 4:05cv 56TSL-AGN
     v.                        )
                               )
MERIDIAN FRUIT & PRODUCE CO.,  )
INC., a Mississippi corporation; and )
WILLIE FOSTER, SR., individually; )
WILLIE FOSTER, JR., individually; )
BONNIE P. FOSTER, individually; and )
OPAL FOSTER, individually,     )
            Defendants         )

**TEMPORARY RESTRAINING ORDER**

Plaintiff's Application for the issuance of a Temporary Restraining Order under Federal Rules of Civil Procedure 65(b) (the "Application") came before this Court and the undersigned on the date set forth below. The Court considered the Application, the Affidavit of Gerald Williams and all related moving papers. The Plaintiff's Affidavit demonstrates Defendants Meridian Fruit & Produce Co., Inc. (the "Company") and its principals, Willie Foster, Sr., Willie Foster, Jr., Bonnie P. Foster and Opal Foster, each individually (the "Defendants"), purchased perishable agricultural commodities ("Produce") in interstate commerce and, thereafter, failed to pay Plaintiff in violation of the Perishable Agricultural Commodities Act, 1930, 7 U.S.C. §§ 499a-499s, as amended (2001 & Supp. 2003) (the "PACA").

These same pleadings and supporting documents establish the Defendants have either dissipated the PACA trust or have presented a sufficient threat of dissipation of such trust to warrant the relief granted in this Order. On the basis of the pleadings, Affidavit and other submissions the Plaintiff filed in this matter, it appears to this Court that the Plaintiff will suffer immediate and

irreparable injury due to the Defendants' dissipation of Plaintiff's beneficial interest in the statutory trust created pursuant to 7 U.S.C. § 499e(c) and that such dissipation will continue in the absence of injunctive relief. The Court is of the opinion that a Temporary Restraining Order should be issued, without notice thereof due to the threat of further dissipation that such notice might engender.

Based on the foregoing, **IT IS HEREBY ORDERED:**

1. Defendants Meridian Fruit & Produce Co., Inc. and its principals, Willie Foster, Sr., Willie Foster, Jr., Bonnie P. Foster and Opal Foster, each individually, and their respective agents, officers, assigns, and any of their banking institutions must not pay, withdraw, transfer, assign or sell any and all existing PACA trust assets or otherwise dispose of corporate or personal assets to any creditors, persons or entities until further Order for this Court or until Defendants pay Plaintiff the sum of $29,176.80.

2. Pending further orders of this Court or until such time as Defendants pay Plaintiff the sum of $29,176.80, no banking institution holding funds for any Defendant shall pay, transfer or permit assignment or withdrawal of any existing PACA trust assets held on behalf of Defendants. Further, pending further orders of this Court or until such time as Defendants pay plaintiff the sum of $29,176.80, no banking institution holding funds for any Defendant shall pay, transfer or permit assignment or withdrawal of the corporate or personal assets of any Defendant without the express written approval of this Court having first been obtained.

3. If Defendants fail to pay the Plaintiff in full within three (3) business days of the entry of this Order, the Defendants must account to the Court and the Plaintiff's counsel for all accounts receivable, accounts payable, equipment, inventory and all other assets subject to the PACA trust and the regulations promulgated thereunder.

4. This Order will be binding upon the parties to this action, their officers, agents,

servants, employees, banks, or attorneys and all other persons or entities who receive actual notice of this Order by personal service or otherwise. In this regard, the Defendants shall serve a copy of this Order on all financial institutions with which either of the Defendants does any business, may do any business with or who may be holding any assets for or on behalf of any of the Defendants.

5. Because Defendants already possess $29,176.80 of PACA trust assets which are the Plaintiff's property, the bond in this matter is hereby set at $0.00.

6. A Preliminary Injunction Hearing is hereby set for _April 7_, 2005 at _9:30_ A.M. in Courtroom _2_ of the U.S. Courthouse, in Jackson, Mississippi.

7. Plaintiff, through its Counsel, shall serve a true and correct copy of this Order on all Defendants including their respective counsel, if known.

**DATE:**  **ENTER:**

_____
UNITED STATES DISTRICT JUDGE

3